United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO CARDENDAS-PENALOZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-1050 |
| | § | |
| WARDEN, PORT ISABEL SERVICE PROCESSING CENTER, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Antonio Cardendas-Penaloza is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).

Petitioner concedes that the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) forecloses his statutory arguments. But he contends that *Buenrostro* did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond. The Court has previously considered and rejected similar arguments. *See, e.g., Makhmudov v. Lyons*, No. 1:26-CV-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) (citing *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25- CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26- CV00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); and *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024)). Additionally, the Court finds the reasoning of other district courts in denying relief to be persuasive. *See, e.g., Castellano v. Strong*, No. 6:26-CV-125-H, ___ F.Supp.3d ___, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time.").

Petitioner also alleges a violation of his rights under the Fourth Amendment, stating that the traffic stop precipitating his arrest was initiated "simply because it was registered to an individual with a Hispanic name" and despite his silence at the time "[a]n ICE agent then proceeded to place his hand inside Petitioner's pocket to pull out his wallet" where Petitioner's Mexican ID was found. (Pet., Doc. 1, ¶¶ 1, 17)

Under Section 8 U.S.C. § 1357(a)(2), a federal officer may effectuate a warrantless arrest "if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" For purposes of a habeas action, however, "'an illegal arrest has no bearing on the legality of detention following that arrest.'" *Cruz v. Tate*, No. CV H-26-4819, 2026 WL 2160560 (S.D. Tex. July 27, 2026) (Lake, J.) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (Eskridge, J.)); cf. *Carnesolta, I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("The mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding[.]"); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (concerning the independent intermediary doctrine).

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than October 22, 2026, Petitioner Antonio Cardendas-Penaloza shall file a Statement explaining why the reasoning in the previously-referenced decisions does not apply to the claims that he presents.

If Petitioner does not file the Statement, the Court will deny the Petition.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on October 1, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge